Herrera-Gomez v. United States

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

August Term, 2013

(Decided: June 17, 2014)

Docket No. 14-1166

_____

Juan Carlos Herrera-Gomez,

*Petitioner*,

v.

United States of America,

*Respondent.*

_____

Before:        Winter, Walker, and Cabranes, Circuit Judges

Prisoner's motion for leave to file a successive 28 U.S.C. § 2255 motion is denied because *Peugh v. United States*, 133 S. Ct. 2072 (2013), did not announce a new rule of constitutional law that has been made retroactive by the Supreme Court, and, to the extent Petitioner purports to rely on "new evidence" within the meaning of § 2255(h), he has failed to demonstrate that he exercised due diligence in his search for that evidence and its submission to this Court.

For Juan Carlos Herrera-Gomez:    Juan Carlos Herrera-Gomez, *pro se*, Youngstown, Ohio

**PER CURIAM**:

Juan Carlos Herrera-Gomez, *pro se*, seeks leave to file a successive 28 U.S.C. § 2255 motion in the district court presenting claims based on the Supreme Court's recent holding in *Peugh v. United States*, 133 S. Ct. 2072 (2013), and evidence that is purported to be newly discovered. For the reasons stated below, we deny his motion.

I

In 2007, Herrera-Gomez pleaded guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846, and was sentenced in the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*), principally to 135 months' imprisonment. Because his plea agreement contained a waiver of his right to appeal or collaterally attack his conviction or sentence, we dismissed his direct appeal. *See United States v. Morales* (*Herrera-Gomez*), No. 07-4788 (2d Cir. Jul. 18, 2008). Herrera-Gomez's 2008 motion to vacate his conviction pursuant to § 2255, raising arguments that are not now relevant, was denied by the District Court as barred by that same waiver and, in any event, meritless. *See Herrera-Gomez v. United States*, No. 08-cv-7299, dkt. 7 (S.D.N.Y. Dec. 1, 2009). We denied a certificate of appealability.

*See Herrera-Gomez v. United States*, No. 10-881, dkt. 19 (2d Cir. Jul. 8, 2010).

In his present motion to this Court for leave to file a successive § 2255 motion in the District Court,[1] Herrera-Gomez argues that his sentence is unconstitutional in light of both newly discovered evidence and the Supreme Court's holding in *Peugh* that a "retrospective increase in the Guidelines range applicable to a defendant creates a sufficient risk of a higher sentence to constitute an *ex post facto* violation." 133 S. Ct. at 2084. However, Herrera-Gomez does not assert that the Sentencing Guidelines applicable to his federal conviction were retrospectively increased. Instead, he challenges the propriety of a state conviction that was used to enhance the federal sentence imposed on September 26, 2007, by the District Court.

Specifically, he contends that his 1996 New York state conviction for driving while intoxicated ("DWI") was improper because he was not legally intoxicated under the then-operative state laws. He contends that, at the time of his DWI arrest in 1995,

---

[1]

Subsection (h) of § 2255 provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 (h).

his blood alcohol level was 0.09 percent, but the state legislature lowered the blood-alcohol threshold for a DWI conviction from 0.10 percent to 0.08 percent only in 2009, well after his arrest and conviction. He argues that the district court's use of this DWI conviction to enhance his federal sentence constituted an *ex post facto* violation, in contravention of *Peugh.* Furthermore, he argues that his proposed successive § 2255 motion relies on newly discovered evidence: a press release from the Governor's office announcing the 2009 amendment of the DWI laws, which he claims he only recently discovered.

## II

Herrera-Gomez previously challenged his federal conviction in a § 2255 motion. His prior motion raised claims regarding the same criminal judgment and was decided on the merits: accordingly, his proposed new § 2255 motion would be "successive" within the meaning of § 2255(h). *See Vu v. United States*, 648 F.3d 111, 113 (2d Cir. 2011).

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created "a gatekeeping mechanism, by which [courts of appeals] were assigned the task of deciding in the first instance whether a successive federal habeas corpus application could proceed." *Haouari v. United States*, 510 F.3d 350, 352 (2d Cir. 2007). We are required to deny authorization to pursue any successive § 2255 motion, unless it

4

contains a new claim based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, *made retroactive to cases on collateral review by the Supreme Court*, that was previously unavailable.

28 U.S.C. § 2255(h) (emphasis supplied). We deny Herrera-Gomez's motion, because he fails to meet either of these standards.[2]

A.

Herrera-Gomez contends that the Supreme Court announced a new rule of constitutional law in *Peugh*. That may be. *See Hawkins v. United States*, 724 F.3d 915, 917-18 (7th Cir. 2013) (stating that Peugh implied it created a new procedural rule). But "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). "The clearest instance, of course, in which [the Supreme Court] can be said to have 'made' a new rule retroactive is where [it has] expressly [ ] held the new rule to be retroactive in a case of collateral review and applied the rule to that case." *Id.* at 668 (O'Connor, J., concurring). However, the Supreme Court left open the possibility

---

[2] For present purposes, we assume without deciding that *Peugh* is relevant to the facts of Herrera-Gomez's case.

that, "with the right combination of holdings," it could make a new rule retroactive for purposes of the successive habeas statutes over the course of two or more cases, but "only if the holdings in those cases necessarily dictate retroactivity of the new rule." *Id.* at 666. The Supreme Court has not made the *Peugh* rule retroactive by any of these means.

The Supreme Court announced the *Peugh* rule on direct appeal, and did not expressly hold it to be retroactive to cases on collateral review. *See generally Peugh*, 133 S. Ct. 2072. Furthermore, although the Supreme Court has granted *certiorari* for the purpose of vacating and remanding several cases in light of *Peugh*, none of those cases involved collateral attacks on convictions. *See, e.g.*, *Sanchez v. United States*, 134 S. Ct. 146 (2013); *Dunn v. United States*, 133 S. Ct. 2825 (2013); *Gonzales-Zavala v. United States*, 133 S. Ct. 2830 (2013).

The Supreme Court has described two categories of cases previously held to be retroactive: new substantive rules that place "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe"; and new procedural rules that "are implicit in the concept of ordered liberty." *Teague v. Lane*, 489 U.S. 288, 311 (1989) (citations and quotation marks omitted); *see Chaidez v. United States*, 133 S. Ct. 1103, 1107 n.3 (2013) (continuing to recognize only the two *Teague* exceptions). *Peugh* does not fit into either of these

6

categories.

The latter category—procedural rules—is reserved for "watershed rules of criminal procedure" that "'alter our understanding of the bedrock procedural elements'" of the adjudicatory process. *Teague*, 489 U.S. at 311 (internal quotation marks omitted). A watershed rule "must be one 'without which the likelihood of an accurate conviction is *seriously* diminished.'" *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004) (quoting *Teague*, 489 U.S. at 313). This "class of rules is extremely narrow." *Id.*; *see also, e.g.*, *Saffle v. Parks*, 494 U.S. 484, 495 (1990) (suggesting *Gideon v. Wainwright*, 372 U.S. 335 (1963), which established defendants' right to counsel in criminal trials for serious crimes, as an example of the type of case that would fit this exception).

Peugh did not establish a "watershed rule of criminal procedure" because it simply changed the discretion afforded to judges in determining which Guidelines to apply at sentencing. *Cf. Guzman v. United States*, 404 F.3d 139, 143 (2d Cir. 2005) (finding that *United States v. Booker*, which held the Guidelines to be advisory, did not establish a watershed rule of procedure because "the only change [is] the degree of flexibility judges . . . enjoy" in imposing sentence (alterations in original)). Thus, *Peugh* did not set forth a watershed rule of procedure such that it would apply retroactively under *Teague*. Our sister circuits who have considered this issue are in

7

accord. *See Hawkins v. United States*, 724 F.3d 915, 917-18 (7th Cir. 2013); *Rogers v. United States*, No. 12-6141, —F. App'x—, 2014 WL 1272121, at *3 (6th Cir. Mar. 31, 2014).

In sum, we hold that the rule announced in *Peugh* does not constitute "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h)(2). As a result, we cannot authorize the filing of Herrera-Gomez's successive motion on this basis.

**B.**

Alternatively, Herrera-Gomez purports to rely on newly discovered evidence, such that his successive § 2255 motion may be authorized pursuant to § 2255(h)(1). He argues that he has recently discovered that the minimum blood alcohol content for a DWI conviction at the time of his 1995 arrest was 0.10%, which was 0.01% higher than his actual blood alcohol content. As a preliminary matter, we have reason to doubt that the factual basis of his claim is newly discovered: Herrera-Gomez admits that he discussed the blood alcohol issue with his attorney, which presumably occurred during the pendency of his criminal case. If this is true, the purported evidence is not "new" within the meaning of § 2255(h)(1)–specifically, if Herrera-Gomez knew the blood alcohol threshold for a DWI conviction prior to his plea and sentence in 2007, it is irrelevant that he recently discovered a press release

concerning the 2009 amendment.

Even assuming that the blood alcohol requirement for a DWI conviction was not actually known to him at the time of his initial § 2255 proceedings, however, Herrera-Gomez has failed to explain why he, who was represented by counsel at all relevant times, could not have discovered this evidence earlier. Although § 2255(h)(1) does not explicitly address the matter, we hold now that § 2255 movants are required to act with "due diligence" in investigating and presenting their claims based on newly discovered evidence.

Prior to AEDPA's enactment, a § 2255 claim based on newly-discovered evidence could not be presented to the courts unless the movant demonstrated that he had acted with due diligence. *See McCleskey v. Zant*, 499 U.S. 467, 498 (1991) (noting that, under pre-AEDPA law, a prisoner was required to show "cause" for why a successive habeas petition should be permitted by demonstrating that he "conduct[ed] a *reasonable and diligent investigation* aimed at including all relevant claims and grounds for relief in the first federal habeas petition" (emphasis added)). There is nothing to suggest that Congress intended to eliminate that requirement for successive § 2255 motions when it amended the statute by enacting AEDPA. *Cf. Camarano v. Irvin*, 98 F.3d 44, 46 (2d Cir. 1996) (finding that "nothing in [AEDPA's] legislative history . . suggests that Congress wished to depart from [a] long standing

and widely accepted" rule—concerning the non-preclusive effect of a habeas petition dismissed without prejudice—which was not expressly altered by AEDPA). Rather, AEDPA merely "codifie[d] some of the pre-existing limits on successive [motions]," and "transfer[red] from the district court to the court of appeals a screening function which would previously have been performed by the district court." *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Furthermore, we have previously concluded that various successive habeas petition requirements found in 28 U.S.C. § 2244(b) were incorporated by reference into § 2255(h). Section 2255(h) provides that a second or successive § 2255 motion must be authorized "as provided in section 2244." Because that language "makes no effort to specify which provisions of § 2244 it intends to incorporate[,] . . . it is logical to assume that Congress intended to refer to all of the subsections of § 2244 dealing with the authorization of second and successive motions." *Triestman v. United States*, 124 F.3d 361, 367 (2d Cir. 1997) (importing other § 2244(b) requirements into § 2255(h)); *see Green v. United States*, 397 F.3d 101, 102 (2d Cir. 2005) (stating, in *dicta* without discussion, that the due diligence requirement of § 2244(b)(2)(B) applies to successive § 2255 motions).

While it is possible that Herrera-Gomez did not previously know New York's pre-2009 DWI requirements, he has not alleged, and the record does not suggest, that he could not have discovered this information through the exercise of due diligence prior to the filing of his first § 2255 motion in 2008. Therefore, we cannot authorize Herrera-Gomez's successive § 2255 motion on the basis of this purportedly newly discovered evidence.[3]

III.

To summarize, we hold that:

(1)  The rule announced in *Peugh v. United States*, 133 S. Ct. 2072 (2013), does not constitute "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court."  28 U.S.C. § 2255(h)(2).

(2) To the extent Petitioner purports to rely on "new evidence" within the meaning of § 2255(h), he has failed to demonstrate that he exercised due diligence in his search for that evidence and its submission to this Court.

We have also considered Herrera-Gomez's remaining contentions and find them to be without merit.  Accordingly, the motion for leave to file a successive 28 U.S.C. § 2255 motion is denied.

---

[3]    In light of this conclusion, we need not assess whether Herrera-Gomez satisfied his *prima facie* burden of showing that, had the proffered evidence been presented during his criminal proceedings, "no reasonable factfinder would have found [him] guilty." 28 U.S.C. § 2255(h)(1).