Franklin MINAYA, Petitioner,

v.

**UNITED STATES of America, Respondent.**

**No.  01 Cr. 619 (VM).**

United States District Court, S.D. New York.

Signed Aug. 19, 2014.

Bernard Alan Seidler, B. Alan Seidler, Esq., David Lyle Stern, Rothman, Schneider, Soloway & Stern, L.L.P., John Sand Siffert, Lankler Siffert & Wohl LLP, Ellyn I. Bank, New York, NY, for Petitioner.

Aitan David Goelman, Assistant United States Attorney, Joan M. Loughnane, New York, NY, for Respondent.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Pro se petitioner Franklin Minaya ("Minaya") brings this petition dated June 20, 2014 seeking a writ of habeas corpus under 28 U.S.C. § 2255 (" § 2255 Motion"). By Decision and Order dated October 7, 2010 (Dkt. No. 270) this Court denied as untimely a petition pursuant to 28 U.S.C. § 2255 (" § 2255") to vacate, set aside or correct his sentence that Minaya had previously filed. Minaya filed another similar motion under § 2255 and Federal Rule of Civil Procedure 60(b) (Dkt. No. 287) which the Court denied by memo-endorsed Order dated May 23, 2012 (Dkt. No. 287). By Mandate issued on March 8, 2013 the Second Circuit dismissed Minaya's appeal of the denial of his first § 2255 petition, finding that it was untimely. By Memorandum dated July 13, 2013 Minaya filed another motion pursuant to Rule 60(b) raising essentially the same issues and request for relief. The Court denied that motion by Memo-endorsed Order dated July 13, 2013 reaffirming its prior ruling. Minaya brought another § 2255 motion dated July 9, 2014, which the Court on July 18, 2014 denied as a second successive petition, untimely, and without merit.

On June 20, 2014, Minaya filed a memorandum of law (Dkt. No. 313) in support of his motion to vacate his sentence under 28

U.S.C. § 2255(f)(3) in which he argues that the United States Supreme Court cases *Alleyne v. United States*, —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), *Peugh v. United States*, —— U.S. ——, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013), *Rosemond v. United States*, —— U.S. ——, 134 S.Ct. 1240, 188 L.Ed.2d 248 (2014), and *Burrage v. United States*, —— U.S. ——, 134 S.Ct. 881, 187 L.Ed.2d 715 (2014) present new constitutional rules of law that would allow him to successfully submit a "second or successive" habeas petition. *See* 28 U.S.C. § 2255(f)(3).

■ As a general rule, this Court does not have jurisdiction to address a petition if it is a "second or successive motion" without authorization from the Second Circuit and is required to transfer a second or successive habeas petition to the Second Circuit if it is in the interest of justice. *See* 28 U.S.C. § 2244(b)(3); *see also Brown v. Ercole*, No. 07 Civ. 11609, 2012 WL 6217594, at *7 (S.D.N.Y. Dec. 12, 2012); *see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir.1996). However, transfer is unnecessary where the second or successive habeas corpus application is wholly without merit. *See Terrence v. Artus*, No. 05 Civ. 5994, 2005 WL 1705299, at *2 (S.D.N.Y. July 20, 2005) (dismissing successive habeas petition that was clearly without merit). Courts must dismiss a second or successive habeas corpus application unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evi-

dence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Since Minaya's current petition fails to meet either exception laid out by § 2244(b)(2), his petition is denied.

To begin, Minaya's arguments based on *Alleyne* and *Peugh* fail because the Second Circuit has held that neither case applies retroactively. *See United States v. Redd*, 735 F.3d 88 (2d Cir.2013) (*Alleyne*); *Herrera–Gomez v. United States*, 755 F.3d 142 (2d Cir.2014) (*Peugh*). This analysis controls here.

■ Minaya's subsequent argument that *Rosemond* and *Burrage* apply retroactively likewise fails. There is no indication that the Supreme Court intended for either holding to apply retroactively to this type of collateral review. In the context of a second or successive habeas petition, "a rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive," and such a decision cannot be made by lower courts. *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001); *see also Romero v. United States*, No. 00 Civ. 3513, 2001 WL 921167, at *4 (S.D.N.Y. Aug. 15, 2001) ("The placement of 'by the Supreme Court' *after* 'new rule of constitutional law' and 'made retroactive' supports the interpretation that the Supreme Court must make the new rule of law and the Supreme Court, not lower courts, must hold it retroactive on collateral review.")

Finally, none of Minaya's arguments satisfy the second prong of 28 U.S.C. § 2244(b)(2), which requires that "the factual predicate for the claim could not have been discovered previously through the ex-

ercise of due diligence," *and* that the facts underlying the claim "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Since Minaya's second or subsequent habeas petition does not survive dismissal under § 2244, the Court declines to transfer it to the Second Circuit and instead dismisses it in the interest of judicial economy.

## ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Dkt. No. 313) of Petitioner Franklin Minaya for relief pursuant to 28 U.S.C. § 2255 to vacate, set aside, or otherwise correct his sentence is **DENIED**.

**SO ORDERED.**