ALD-149                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3928
_____

DAVID THAI,
                              Appellant

v.

WARDEN LEWISBURG USP;
UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-14-cv-01333)
District Judge:  Honorable James M. Munley
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 26, 2015
Before:  RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Filed: April 9, 2015)

_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant David Thai appeals the dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. We will affirm.

Following a jury trial in the United States District Court for the Eastern District of New York, Thai was convicted of a series of crimes involving murder, assault, robbery, extortion, and racketeering as a result of his participation in the activities of a street gang. On October 23, 1992, Thai was sentenced to two concurrent terms of life imprisonment, plus one term of twenty years, two terms of ten years, and one term of three years, all to be served concurrently with his life terms. Thai's sentences were followed by various terms of supervised release, and were accompanied by orders to pay restitution and special assessments. With the exception of one conviction under 18 U.S.C. § 1959, which was reversed, Thai's convictions and sentences were affirmed on appeal. See United States v. Thai, 29 F.3d 785, 794 (2d Cir. 1994). Pursuant to the Second Circuit Court of Appeals' ruling, the sentencing court amended Thai's Judgment and Commitment Order on February 1, 1995, and reduced his overall special assessment to account for the dismissed count.

Thai thereafter filed a motion in the District Court for the Eastern District of New York seeking to vacate his sentence under 28 U.S.C. § 2255. Thai asserted, inter alia, claims of ineffective assistance of counsel, and government violations under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), as well as claims for relief under United States v. Booker, 543 U.S. 220 (2005), Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000).

2

The District Court denied his § 2255 motion. See Thai v. United States, No. 99 CV 7415, 2007 WL 13416 (E.D.N.Y. Jan. 2, 2007). It does not appear that Thai sought a certificate of appealability from the Second Circuit Court of Appeals.

Thai continued his quest for collateral relief by filing an application for authorization to file a second or successive § 2255 motion with the Second Circuit Court of Appeals in March 2014, raising claims based on Peugh v. United States, 133 S. Ct. 2072 (2013), Alleyne v. United States, 133 S. Ct. 2151 (2013), and Burrage v. United States, 134 S. Ct. 881 (2014). The Court of Appeals denied Thai's application, concluding that even if the Supreme Court had announced new rules of constitutional law in these cases, none has been made retroactive by the Supreme Court to cases on collateral review. See Thai v. United States, No. 14-870 (2d Cir. filed Apr. 22, 2014). A motion seeking reconsideration of his 1995 resentencing was likewise unsuccessful, with the Second Circuit Court of Appeals recently dismissing Thai's appeal from that determination as meritless pursuant to 28 U.S.C. § 1915(e). See United States v. Thai, No. 14-4689 (2d Cir. filed Mar. 11, 2015).

In July 2014, Thai – confined in the Middle District of Pennsylvania – filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in that District Court. In his petition, Thai claimed an entitlement to habeas relief on the bases of Alleyne, Peugh, and Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014). More specifically, Thai claimed that he "was convicted and sentenced to crimes neither charged and/or proven beyond a reasonable doubt" as a result of the District Court's use of "premeditation first-

3

degree murder to sentence [him] to a mandatory minimum term of imprisonment of life without parole." See § 2241 Mem. in Supp. at 1, 5. Without consideration of the aggravated crime of first-degree murder, Thai asserts that he would have faced a statutory range under the Sentencing Guidelines of "20 years, not mandatory." Id. at 12. In an order entered on August 7, 2014, the District Court dismissed Thai's § 2241 petition for lack of jurisdiction, concluding that § 2255's safety valve, see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), did not apply to Thai's claims. This timely appeal followed.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's decision to dismiss Thai's § 2241 petition is plenary. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Our Clerk advised Thai that the appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, but has not done so. After carefully considering the record and for essentially the same reasons set forth by the District Court, we will summarily affirm the order of dismissal.

A § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United States, 417 U.S. 333, 343-44 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A habeas petitioner may seek relief under § 2241 only if the remedy provided by § 2255 is "inadequate or ineffective" to test the legality of his detention. See Dorsainvil, 119 F.3d at 249-51. A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of §

4

2255, see Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief. See Cradle, 290 F.3d at 539. Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251).

We agree with the District Court that § 2241 is not the proper means for raising the claims Thai seeks to advance in the underlying petition. We further agree that Thai has not demonstrated that a § 2255 motion provides an inadequate or ineffective remedy in this case. As Thai himself appears to concede, the cases he cites – Alleyne, Peugh, and Whiteside – do not reflect an intervening change in law which renders the crimes of which he was convicted non-criminal.

In Alleyne, which set forth a new rule of constitutional law, the Supreme Court held that a fact that triggers a mandatory minimum sentence must be submitted to the jury and found beyond a reasonable doubt. 133 S. Ct. at 2155. As the District Court noted, Alleyne is essentially an extension of Apprendi. See, e.g., United States v. Burnett, 773 F.3d 122, 136 (3d Cir. 2014). In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. We held in Okereke, 307 F.3d at 121, that "§ 2255 [i]s not inadequate or ineffective for [a prisoner] to raise his Apprendi

5

argument." We see no reason to treat claims brought under <u>Alleyne</u> differently. Additionally, contrary to Thai's assertion, <u>Alleyne</u> has not been made retroactive to cases on collateral review. <u>See</u> <u>United States v. Reyes</u>, 755 F.3d 210, 212-13 (3d Cir. 2014).

Thai's reliance on <u>Peugh</u> fares no better. In <u>Peugh</u>, the Court ruled that the Ex Post Facto Clause prohibits applying an amended Sentencing Guidelines provision in effect when the defendant was sentenced, if the amended version of the Guidelines provides a higher sentencing range than the version in effect when the crime was committed. <u>Peugh</u>, 133 S. Ct. at 2078. Even accepting, arguendo, Thai's contention that <u>Peugh</u> is relevant to the facts of his case, it does not apply retroactively to cases on collateral review, as other courts have held. <u>See, e.g.</u>, <u>Herrera-Gomez v. United States</u>, 755 F.3d 142, 146 (2d Cir. 2014).

Thai's reliance on the Fourth Circuit Court of Appeals' decision in <u>Whiteside</u> requires little discussion. Not only did the court in <u>Whiteside</u> expressly refrain from deciding whether the savings clause in § 2255(e) might justify relief from the type of sentencing error at issue in that case, <u>see</u> 748 F.3d at 547 n.4, the Fourth Circuit Court of Appeals went on to render an en banc rehearing decision affirming the District Court's dismissal of the § 2255 motion – which was an initial § 2255 motion – as untimely filed. <u>See</u> <u>Whiteside v. United States</u>, 775 F.3d 180, 181 (4th Cir. 2014) (en banc). The <u>Whiteside</u> decision is, thus, of no benefit to Thai.

Thai had a prior opportunity to challenge his sentence under § 2255, and he did so albeit unsuccessfully. A § 2255 motion is not "inadequate or ineffective" merely because

a petitioner cannot meet the stringent gatekeeping requirements of § 2255. <u>Dorsainvil</u>, 119 F.3d at 251. It follows, as the District Court concluded, that § 2241 is not the proper means of raising the claims Thai seeks to pursue and the District Court lacked jurisdiction to address them. For the foregoing reasons and because the appeal presents no substantial question, we will summarily affirm the District Court's order of dismissal. <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.