**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 14-4410

_____

EUGENE TALIK,

Appellant

v.

WARDEN LEWISBURG USP;
UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 14-cv-01117)
District Judge:  Honorable William J. Nealon, Jr.

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 18, 2015

Before:  RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed: July 13, 2015)

_____

OPINION[*]

_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Eugene J. Talik appeals the dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. We will affirm.

In 2008, Talik pleaded guilty in the United States District Court for the Northern District of West Virginia to interstate domestic violence resulting in death, 18 U.S.C. §§ 2261(a)(1) and (b)(1). He was sentenced to life imprisonment. The District Court denied his motion under 28 U.S.C. § 2255, see Talik v. United States, 2010 WL 3271973 (N.D. W.Va. Aug. 17, 2010) (not precedential), and the United States Court of Appeals for the Fourth Circuit dismissed his appeal, see United States v. Talik, 425 F. App'x 235 (4th Cir. Apr. 26, 2011) (not precedential). Thereafter, Talik filed an application requesting permission to file a second or successive § 2255 motion, which the Fourth Circuit denied.

In June 2014, Talik filed the current § 2241 petition in the United States District Court for the Middle District of Pennsylvania, the district in which he is confined. In his petition, Talik argued that he "was convicted and sentenced to crimes neither charge[d] and/or proven beyond a reasonable doubt." In particular, he asserted that the District Court's use of "'premeditation first-degree murder' to sentence [him] to a mandatory minimum term of imprisonment of life without parole" contravened Alleyne v. United States, 133 S. Ct. 2151 (2013), Peugh v. United States, 133 S. Ct. 2072 (2013), and Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014). Talik believes that his "conviction under the relevant statute was not punishable by a mandatory minimum

2

sentence of life."[1]  The District Court dismissed the § 2241 petition for lack of

jurisdiction, concluding that Talik failed to demonstrate that he qualified for relief under

§ 2255's safety valve.  See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  Talik appealed.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.  Our review of

the District Court's decision to dismiss Talik's § 2241 petition is plenary.  See Cradle v.

U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).  Upon notification that this appeal

would be submitted for possible summary action, Talik submitted a response containing

argument in support of his appeal.

A motion filed under 28 U.S.C. § 2255 in the sentencing court is the presumptive

means for a federal prisoner to challenge the validity of a conviction or sentence.  See

Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  In certain limited

circumstances, a federal prisoner can seek relief under § 2241 in the district of

confinement if the remedy provided by § 2255 is inadequate or ineffective to test the

legality of his detention.  28 U.S.C. § 2255(e); see In re Dorsainvil, 119 F.3d at 249-51.

But we have applied this "safety valve" only in the rare situation where a prisoner has

had no prior opportunity to challenge his conviction for actions deemed to be non-

criminal by an intervening change in law.  Okereke, 307 F.3d at 120 (citing Dorsainvil,

119 F.3d at 251).  A § 2255 motion is not "inadequate or ineffective" merely because the

---

[1] We note that it appears that Talik was not sentenced to a *mandatory minimum* term of
life imprisonment.  The opinion addressing Talik's § 2255 motion stated that "[i]n
imposing [the life] sentence, the Court considered several factors, including the degree of
premeditation involved, the brutality of the offense, the efforts made to hide the crime,
and the sentencing guideline interests of promoting respect for the law, providing just
punishment, and protecting the general public from further crimes by the petitioner."
Talik, 2010 WL 3271973, at *1.

petitioner cannot meet the stringent gatekeeping requirements of § 2255, Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief. Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam).

We agree with the District Court that Talik's allegations do not fit within the narrow class of circumstances where a § 2255 motion would be inadequate or ineffective to challenge his conviction. In Alleyne, the Supreme Court held that a fact that triggers a mandatory minimum sentence must be submitted to the jury and found beyond a reasonable doubt. 133 S. Ct. at 2155. As the District Court recognized, Alleyne is essentially an extension of Apprendi. See, e.g., United States v. Burnett, 773 F.3d 122, 136 (3d Cir. 2014). In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. We have held that "§ 2255 [i]s not inadequate or ineffective for [a prisoner] to raise his Apprendi argument[,]" Okereke, 307 F.3d at 121, and we see no reason to treat claims brought under Alleyne differently. Additionally, Alleyne has not been made retroactive to cases on collateral review. See United States v. Reyes, 755 F.3d 210, 212-13 (3d Cir. 2014).

In Peugh, the Supreme Court ruled that the Ex Post Facto Clause prohibits applying an amended Sentencing Guidelines provision in effect when the defendant was sentenced, if the amended version of the Guidelines provides a higher sentencing range than the version in effect when the crime was committed. Peugh, 133 S. Ct. at 2078. Talik did not explain how Peugh is relevant to the facts of his case, but even if he had,

that case does not apply retroactively to cases on collateral review, as other courts have held. See, e.g., Herrera-Gomez v. United States, 755 F.3d 142, 146 (2d Cir. 2014).

Finally, the Fourth Circuit Court of Appeals' decision in Whiteside, 748 F.3d 541, is of no benefit to Talik. In that case, unlike here, the appellant was pursuing relief in an initial § 2255 motion, on a claim concerning a career offender enhancement. Moreover, the Fourth Circuit expressly did not decide whether relief was justified under the savings clause in § 2255(e). See 748 F.3d at 547 n.4. Furthermore, after Talik filed his § 2241 petition, the Fourth Circuit Court of Appeals issued an en banc rehearing decision in Whiteside affirming the District Court's dismissal of the § 2255 motion as untimely filed. See Whiteside v. United States, 775 F.3d 180, 181 (4th Cir. 2014) (en banc).

For the foregoing reasons, we conclude that the appeal presents no substantial question. Therefore, we will summarily affirm the District Court's judgment. See Third Circuit LAR 27.4 and I.O.P. 10.6.