14-1157-cr
United States v. Mata

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand fifteen.

PRESENT: JON O. NEWMAN,
         JOHN M. WALKER, JR.,
         DENNIS JACOBS,
                     Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    14-1157-cr

JOSE LUIS MATA, a/k/a "Chiqui",
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              JANE S. MEYERS, Law Office of
                            Jane S. Meyers, Brooklyn, New
                            York.

FOR APPELLEE:               JUSTIN ANDERSON (Parvin Moyne,
                            on the brief), for Preet
                            Bharara, United States Attorney

1

for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Marrero, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Jose Luis Mata appeals from the judgment of the United States District Court for the Southern District of New York (Marrero, J.), convicting him of robbery conspiracy and firearms possession and sentencing him principally to a 360-month term of imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Mata argues that the district court abused its discretion when it denied his March 2014 motion to adjourn sentencing, and that the court should have ordered a mental competency evaluation at that time.

Under the Due Process Clause, a defendant cannot be made to stand trial--or sentenced--if he is mentally incompetent. Medina v. California, 505 U.S. 437, 439 (1992); United States v. Nichols, 56 F.3d 403, 410 (2d Cir. 1995). "To protect this right, 18 U.S.C. § 4241(a) requires the district court to order a hearing sua sponte to determine the mental competence of a defendant 'if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent.'" United States v. Quintieri, 306 F.3d 1217, 1232 (2d Cir. 2002) (quoting 18 U.S.C. § 4241(a)). A district court's determination as to whether such "reasonable cause" exists is reviewed for abuse of discretion. Id.

The district court did not abuse discretion. Just months before the adjournment request, a court-ordered psychiatric evaluation concluded that Mata suffered no hallucinations and exhibited normal thought and speech processes. That earlier evaluation--conducted in October 2013--did diagnose Mata with alcoholism and moderate depression; but neither condition called into question Mata's "ability to consult with his lawyer with a reasonable degree of rational understanding" or his "rational as well

2

as factual understanding of the proceedings against him." Nichols, 56 F.3d at 410 (internal quotation marks omitted). Furthermore, the record lacks any indication that Mata ever exhibited signs of mental incompetence in his appearances before the district court. See United States v. Zhou, 428 F.3d 361, 379 (2d Cir. 2005) ("In deciding that an evidentiary hearing is unnecessary, a court may rely not only on psychiatrists' reports indicating competency but also on its own observations of the defendant." (internal quotation marks omitted)). The district court properly concluded that there was no "reasonable cause" for a second psychiatric evaluation.

In a supplemental pro se brief, Mata advances a number of arguments, all of them meritless.

For the foregoing reasons, and finding no merit in Mata's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK