Mata v. United States

# In the
# United States Court of Appeals
## For the Second Circuit

August Term, 2019
No. 20-1875

JOSE LUIS MATA,
*Petitioner*,

*v.*

UNITED STATES OF AMERICA,
*Respondent*.

Motion for Leave to File Second or Successive Petition to Vacate, Set
Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255

SUBMITTED: August 3, 2020
DECIDED: August 6, 2020

Before:  PARK, NARDINI, and MENASHI, *Circuit Judges*.

Petitioner Jose Luis Mata moves for leave of this Court to file a
second or successive motion to vacate, set aside, or correct his

sentence following his conviction pursuant to a guilty plea in the United States District Court for the Southern District of New York (Victor Marrero, *J.*). Mata primarily contends that his conviction pursuant to 18 U.S.C. § 922(g) must be vacated in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). We hold that, because *Rehaif* resolved only a question of statutory interpretation, it did not announce a new rule of constitutional law as required by 28 U.S.C. § 2255(h)(2). Because Mata has not made a prima facie showing that the requirements of 28 U.S.C. § 2255(h) are satisfied, we **DENY** his motion for leave to file a second or successive § 2255 motion.

---

Jose Luis Mata, *pro se*, Glenville, WV, *for Petitioner*.

Won S. Shin, Assistant United States Attorney, *for* Audrey Strauss, Acting United States Attorney for the Southern District of New York, New York, NY, *for Respondent*.

---

PER CURIAM:

Petitioner Jose Luis Mata moves in this Court for leave to file a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255(h). As one of the bases for his motion, Mata contends that his conviction for violating 18 U.S.C. § 922(g) must be vacated in light of the Supreme Court's decision in *Rehaif v.*

*United States*, 139 S. Ct. 2191 (2019). Mata argues that *Rehaif* announced a new rule of constitutional law, and so he is entitled to file his motion under 28 U.S.C. § 2255(h). We disagree and hold that *Rehaif* resolved only a question of statutory interpretation, did not establish a new rule of constitutional law, and thus cannot serve as a basis for a second or successive § 2255 motion. Concluding that Mata's other claim is meritless, we **DENY** the motion.

## I.     Background

In 2014, Mata was convicted, pursuant to a guilty plea, of conspiracy to commit Hobbs Act robbery and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court sentenced Mata primarily to 360 months in prison. On direct appeal, Mata submitted a *pro se* supplemental brief arguing that he had received ineffective assistance of counsel. This Court affirmed his conviction and sentence. *United States v. Mata*, 614 F. App'x 35 (2d Cir. 2015) (summary order).

In 2016, Mata filed his first motion pursuant to 28 U.S.C. § 2255, which the district court denied on the merits. He then moved for reconsideration, arguing that the attorney assisting him with his § 2255 motion had failed to raise a claim of ineffective assistance of counsel regarding his original defense counsel. The district court denied the reconsideration motion, and our Court denied Mata a certificate of appealability.

Mata now seeks to bring a second motion pursuant to § 2255 and, as required by statute, moves in this Court for leave to do so. Mata raises two claims: one, that his conviction pursuant to 18 U.S.C. § 922(g) must be vacated in light of the Supreme Court's decision in *Rehaif*; and two, that he received ineffective assistance of counsel during the course of his plea and sentencing.

## II. Discussion

To file a second or successive motion pursuant to 28 U.S.C. § 2255, a petitioner must "move in the appropriate court of appeals

4

for an order authorizing the district court to consider the application."

*Id.* § 2244(b)(3)(A).  This Court may authorize such a motion "only if [the Court] determines that the application makes a prima facie showing that the application satisfies the requirements" of the statute. *Id.* § 2244(b)(3)(C).  We may grant the motion only if the application contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.* § 2255(h).

Mata argues that his *Rehaif* claim is based on a new rule of constitutional law that qualifies for relief under § 2255(h)(2).  He also asserts that his ineffective assistance claim relies on new evidence that falls within § 2255(h)(1).  We reject both arguments and write

specifically to clarify that claims based on the Supreme Court's decision in *Rehaif* do not come within the scope of § 2255(h)(2).

The Supreme Court's *Rehaif* decision resolved only a question of statutory interpretation and did not announce a rule of constitutional law (much less a new one, or one that the Supreme Court has made retroactive on collateral review or that was previously unavailable). *Rehaif* clarified the mens rea applicable to a violation of 18 U.S.C. § 922(g), holding that the government must prove that a defendant knew both that he possessed a firearm and that he belonged to the relevant class of persons barred from possessing a firearm. *See Rehaif*, 139 S. Ct. at 2200. In reaching that decision, the Supreme Court applied a standard "interpretive maxim" to discern "congressional intent" about the meaning of the word "knowingly" as it appears in the text of § 922(g). *Id.* at 2195. In other words, the Supreme Court was simply construing a statute.

6

Because *Rehaif* did not announce any rule of constitutional law, Mata has not made the required prima facie showing that his claim satisfies the gatekeeping requirements of § 2255(h)(2). *See Massey v. United States*, 895 F.3d 248, 252 (2d Cir. 2018) (holding that the defendant was not authorized to file a second or successive motion in reliance on *Johnson v. United States*, 559 U.S. 133 (2010), because that decision interpreted only the Armed Career Criminal Act's force clause and "did not announce a new rule of constitutional law"); *Washington v. United States*, 868 F.3d 64, 66 (2d Cir. 2017) (denying leave to file a second or successive motion pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016), because the Supreme Court "was interpreting [a statute], not the Constitution").

In so holding, we join the uniform view of other courts of appeals that have addressed this question. *See In re Price*, 964 F.3d 1045, 1049 (11th Cir. 2020) ("*Rehaif* did not announce a new rule of *constitutional* law . . . ."); *In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020)

7

(per curiam) ("*Rehaif* did not state a new rule of constitutional law at all."); *see also United States v. Class*, 930 F.3d 460, 469 (D.C. Cir. 2019) (concluding in a different context that *Rehaif* "resolved only question[s] of statutory interpretation" and did not touch on the Due Process Clause (alteration in original)).

In addition to his *Rehaif* claim, Mata raises a claim of ineffective assistance of counsel, ostensibly on the basis of newly discovered evidence. Section 2255(h)(1), however, obliges a defendant to identify what the new evidence is and to show "that he could not have discovered this information through the exercise of due diligence prior to the filing of his first § 2255 motion." *Herrera-Gomez v. United States*, 755 F.3d 142, 148 (2d Cir. 2014). Mata has done neither. Moreover, Mata has not shown that any newly discovered information about his attorney's shortcomings, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable

8

factfinder would have found [Mata] guilty of the offense" to which he pleaded. *Id.* at 145. Mata has not shown that the allegations about counsel have any bearing on his guilt or would be enough to overcome the "strong presumption of verity" given to his admission of guilt, under oath, at his plea hearing. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Accordingly, Mata's claim regarding ineffective assistance of counsel does not pass the gatekeeping requirements of § 2255(h)(1).

## III. Conclusion

To summarize, we hold as follows:

1. The Supreme Court's decision in *Rehaif* involved only a question of statutory interpretation and thus did not announce a new rule of constitutional law within the meaning of 28 U.S.C. § 2255(h)(2). As a result, the *Rehaif* decision cannot serve as a basis for a second or successive motion brought under 28 U.S.C. § 2255.

9

2.      Mata has failed to state a claim for ineffective assistance of counsel that satisfies the requirements of 28 U.S.C. § 2255(h)(1).

We therefore **DENY** Mata's motion for leave to file a second or successive § 2255 motion.