FILED
United States Court of Appeals
Tenth Circuit

April 1, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILLIE SCUDERI,

    Defendant - Appellant.

No. 20-3241
(D.C. Nos. 6:20-CV-01233-EFM &
6:12-CR-10059-EFM-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **McHUGH**, **KELLY**, and **BRISCOE**, Circuit Judges.
_____

Petitioner-Appellant Willie Scuderi, a federal inmate appearing pro se, seeks a certificate of appealability (COA) to appeal the dismissal of his 28 U.S.C. § 2255 motion as untimely. United States v. Scuderi, No. 12-10059-EFM, 2020 WL 6939796 (D. Kan. Nov. 25, 2020). In 2012, Mr. Scuderi pled guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 120 months' imprisonment. He did not appeal his conviction or sentence and did not file any motions in this case until February 2020.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

As relevant here, a § 2255 motion must be brought within one year from either the date the conviction became final or the date on which the right asserted was first recognized by the Supreme Court and made retroactively applicable to cases on collateral review, whichever is later. 28 U.S.C. § 2255(f)(1), (3). Mr. Scuderi filed the instant motion in 2020, eight years after his conviction became final. He contended in the district court that the motion was timely because it was brought within a year after the Supreme Court decided Rehaif v. United States, 139 S. Ct. 2191 (2019).[1] The district court denied the motion as untimely, concluding that Rehaif is not retroactively applicable to cases on collateral review. Scuderi, 2020 WL 6939796, at *2–3.

To obtain a COA, Mr. Scuderi must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court dismissed Mr. Scuderi's § 2255 motion on procedural grounds, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, Mr. Scuderi filed his motion eight years after his conviction became final and Rehaif has not been made retroactive by the Supreme Court or any Court of Appeals. See Mata v. United States, 969 F.3d 91, 94 (2d Cir. 2020). Accordingly, no reasonable jurist would debate the district court's procedural ruling that the motion was untimely,

---

[1] Mr. Scuderi filed three § 2255 motions in this case, in February, July, and August 2020, respectively. The Supreme Court decided Rehaif on June 21, 2019. Therefore, only Mr. Scuderi's February 2020 motion could even arguably be timely under 28 U.S.C. § 2255(f)(3).

2

and we therefore need not consider whether Mr. Scuderi made a substantial showing of the denial of a constitutional right.

We DENY a COA, GRANT IFP, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge